UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MITCHELL L. WALCK,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN BAIRD; MICHAEL P. BEASLEY; M. ZAVALA; J. MAHLANDT; W. WILSON; HEATHER GENTRY; PAIGE GLOVER; ADELENE MEITA; JACOLYN DOLAN; R. HAGGARD; JENNIFER BURLESON; and CENTURION HEALTH,<br><br>Defendants. | Case No. 1:26-cv-00066-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Mitchell L. Walck's Complaint because of Plaintiff's status as an inmate and in forma pauperis request. A "conditional filing" means that a plaintiff must obtain authorization from the Court to proceed. Upon screening, the Court must dismiss claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Having reviewed the record, the Court concludes that the Complaint fails to state a claim upon which relief may be granted. Accordingly, the Court enters the following Order directing Plaintiff to file an amended complaint if Plaintiff intends to proceed.

## 1. Standards of Law for Screening Complaints

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state an actionable claim, a plaintiff must provide "enough factual matter (taken as true) to suggest" that the defendant committed the unlawful act, meaning that sufficient facts are pled "to raise a reasonable expectation that discovery will reveal evidence of illegal [activity]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 US. at 678 (quoting *Twombly*, 550 U.S. at 555).

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## 2. Factual Allegations

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho State Correctional Institution. When Plaintiff was housed in the prison's long-term care infirmary, another long-term care inmate, Defendant Michael Beasley, was engaging in "unruly" behavior. *Compl*. at 4. For example, Beasley "refused to turn off his institutional lighting" and disrespected and harassed other inmates in the infirmary. *Id*. Beasley would also use "foul verbiage" and racist language, and would throw trash all over his room, including his roommate's area. *Id*.

Beasley's actions necessitated several inmate moves. In July 2024, Plaintiff was moved from a four-person room to a two-person room. Beasley was Plaintiff's new roommate. According to Plaintiff, the move was made despite a correctional officer's previous determination that Beasley should be housed only in a four-person room due to Beasley's chronic care requirements and bedridden status. *Id*. at 6.

Beasley continued his unruly behavior in the room with Plaintiff for the three months they were housed together. *Id*. at 7. Beasley destroyed Plaintiff's property and allegedly lacked good hygiene. *Id*. at 8–9. Plaintiff claims that Defendants did not follow prison policy with respect to how many showers Beasley was given. *Id*. at 8. Beasley also threw his urinal at Plaintiff. *Id*. at 10.

Plaintiff also had difficulty sleeping because of Beasley's refusal to turn the light off. Defendant Sergeant Zavala allegedly permitted this one light to stay on in the infirmary, as an exception to the general rule that all prison lights are turned off at 11:00

p.m. *Id*. at 7–8. Plaintiff does not state which light was on, other than that it was not his overhead ceiling light. *Id*. at 8.

Plaintiff claims Defendants Zavala and Haggard told him that the light had to remain on because Beasley had a degenerative eye disease. Plaintiff believes this was a "bold face lie," though he has not provided any support for his belief. *Id*. In September 2024, two-and-a-half months after Plaintiff was first housed with Beasley, Defendant Gentry agreed to Plaintiff's request to turn off the light. *Att. to Compl*., Dkt. 3-1 at 7. Plaintiff states that he suffered from seborrheic keratosis,[1] as well as two days of elevated blood pressure, as a result of the excessive lighting. *Compl*. at 2, 10.

At one point, Plaintiff received a written note from an unidentified person ordering Plaintiff to kill Beasley.[2] Gentry investigated and told Plaintiff she would report the incident to command. Plaintiff was not interviewed again about the note. *Id*. at 9.

In October 2024, Plaintiff was moved from long-term care to general population and was no longer housed with Beasley. *Id*. at 5. Plaintiff complains that he was not given a medical assessment before being transferred to general population. *Id*. at 11.

Plaintiff sues Inmate Beasley, various prison officials and medical providers, and Centurion, which is the private company providing medical care to Idaho inmates under

[1] A seborrheic keratosis "is a common noncancerous (benign) skin growth" that is "harmless and not contagious." *See* https://www.mayoclinic.org/diseases-conditions/seborrheic-keratosis/symptoms-causes/syc-20353878 (accessed Aug. 13, 2026).

[2] Plaintiff believes he knows who wrote the note, but the writer's identity was never verified.

contract with the IDOC. Plaintiff claims Defendants violated the Eighth Amendment. *Id.* at 2.

## 3. Discussion

Plaintiff has not stated a claim upon which relief may be granted. The Court will, however, grant Plaintiff 28 days to amend the Complaint. Any amended complaint should take into consideration the following.

### *A. Standards of Law Governing Plaintiff's Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. *Compl.* at 1. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). A defendant causes a constitutional deprivation within the meaning of § 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

That is, prison officials and prison medical providers generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045.

However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists … a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)). A plaintiff can establish this causal connection by alleging a defendant (1) set in motion a series of acts by others that violated the Constitution, or knowingly refused to terminate a series of such acts, which the supervisor "knew or reasonably should have known would cause others to inflict a constitutional injury"; (2) knowingly failed to act or acted improperly "in the training, supervision, or control of his subordinates"; (3) acquiesced in the constitutional deprivation; or (4) engaged in conduct showing "a reckless or callous indifference to the rights of others." *Id*. at 1205–09 (internal quotation marks omitted).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern of violations sufficient to render the need for further supervision obvious. *Dougherty v.*

*City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

To bring a § 1983 claim against a local governmental entity or a private entity performing a government function—such as Centurion—a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978); *see also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). Under *Monell*, the requisite elements of a § 1983 claim against such an entity are the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

An unwritten policy or custom must be so "persistent and widespread" that it constitutes a "permanent and well settled" practice. *Monell*, 436 U.S. at 691 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 167–68 (1970)). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices

of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

A plaintiff cannot simply restate these standards of law in a complaint. Instead, a plaintiff must provide specific facts supporting the elements of each claim and must allege facts showing a causal link between each defendant and Plaintiff's injury or damage. Alleging "the mere possibility of misconduct" is not enough. *Iqbal*, 556 U.S. at 679.

The Eighth Amendment to the United States Constitution protects prisoners against cruel and unusual punishment and guarantees the right to minimally adequate conditions of confinement. "[T]he Constitution does not mandate comfortable prisons, and prisons … which house persons convicted of serious crimes[] cannot be free of discomfort." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). However, though prison conditions may be restrictive—even harsh—without violating the Eighth Amendment, prison officials are required to provide prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). *Keenan v. Hall*, 83 F.3d 1083, 1090–91 (9th Cir. 1996); *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

To state a claim under the Eighth Amendment, a prisoner must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of the defendants' actions. *Farmer*, 511 U.S. at 834 (internal quotation marks omitted). An Eighth Amendment claim requires the plaintiff to satisfy both (1) an objective standard, "that the deprivation was serious enough to constitute cruel and unusual punishment," and (2) a

subjective standard, that the defendant acted with "deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

As for the objective prong of the analysis, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Rather, the deprivation alleged must be objectively sufficiently harmful or, in other words, sufficiently "grave" or "serious." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *see Whitley*, 475 U.S. at 319 ("After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment.") (internal quotation marks and alteration omitted).

With respect to the subjective prong of an Eighth Amendment violation, "deliberate indifference entails something more than mere negligence, [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley*, 475 U.S. at 319.

To exhibit deliberate indifference, a defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Gibson v. Cty. of Washoe*, 290 F.3d 1175,

1188 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d 1060. Moreover, even prison officials who *did* actually know of a substantial risk to inmate health or safety will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844.

The Eighth Amendment includes the right to adequate medical treatment in prison. Prison officials or prison medical providers can be held liable if their "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Regarding the objective standard for prisoners' medical care claims, "society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Therefore, "deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id*. The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain[;] ... [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain ....

*McGuckin v. Smith,* 974 F.2d 1050, 1059–60 (9th Cir. 1992) (internal citations omitted), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc).

In the medical context, deliberate indifference can be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or

delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle*, 429 U.S. at 104–05 (footnotes omitted). That is, a delay in medical treatment can violate an inmate's right to adequate prison medical care. However, an inmate asserting an Eighth Amendment violation must establish that the delay caused further harm. *McGuckin*, 974 F.2d at 1060.

Medical malpractice or negligence does not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (per curiam). Additionally, there is no constitutional right to an outside medical provider of one's own choice. *See Roberts v. Spalding,* 783 F.2d 867, 870 (9th Cir. 1986) ("A prison inmate has no independent constitutional right to outside medical care additional and supplemental to the medical care provided by the prison staff within the institution.").

### *B. Plaintiff's Claims Against Beasley Fail for Lack of State Action*

As explained above, a § 1983 plaintiff must allege that the defendants were acting under color of state law. This is known as the "state action" requirement.

Section 1983 does not provide a remedy for purely private conduct, "no matter how unfair that conduct may be." *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988). A private party can be subject to suit under § 1983 for violating a plaintiff's civil rights only in narrow circumstances—"state action may be found if, though only if, there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (internal quotation marks omitted).

The Supreme Court has identified several contexts in which a private party can be considered a state actor for purposes of a civil rights action. *Id.* at 296. These include the following situations: (1) the private party's action results from the state's "exercise of coercive power" or "significant encouragement"; (2) the private party participates in "joint activity" with the state; (3) the private party is "controlled by an agency of the State"; (4) the private party "has been delegated a public function by the State"; and (5) the private party is "entwined with governmental policies," or "the government is entwined in [the private party's] management or control." *Id.* (internal quotation marks omitted).

Defendant Beasley is an inmate, not a government employee, and none of the situations described above appear to apply in this case. Because Beasley did not act under color of law, Plaintiff's § 1983 claims against him are implausible and must be dismissed.

***C. The Complaint Fails to State a Claim Against the Remaining Defendants***

With respect to Plaintiff's claims that Defendants failed to stop Beasley from destroying property, verbally abusing, harassing, and disrespecting Plaintiff, as well as contributed to Beasley's lack of hygiene, the Complaint does not plausibly allege that Plaintiff was at a substantial risk of serious harm. Verbal abuse and harassment do not rise to the level of an Eighth Amendment violation. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 137–39 (9th Cir. 1987), nor does the Eighth Amendment protect inmate property. Further, the failure to follow prison policy as too how often Beasley was bathed does not violate the Constitution. *See Walker v. Sumner*, 14 F.3d 1415, 1420 (9th Cir. 1994) (stating that, as long as minimum constitutional requirements are met, a prison need not comply with its

"own, more generous procedures"), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995).

As for Beasley's decision to throw his urinal at Plaintiff, the Complaint does not support a reasonable inference that any Defendant subjectively believed Beasley posed a substantial risk to Plaintiff. Beasley's misbehavior had, to that point, been entirely verbal or had merely resulted in the room being untidy. There was nothing to place Defendants on notice that Beasley might try to harm Plaintiff.

With respect to Plaintiff's claims of the infirmary lighting, the Complaint plausibly suggests, at most, that Defendants at first subjectively believed the light was necessary for Beasley's health and, thus, did not act with deliberate indifference. Plaintiff offers no support for his belief that this statement by Defendants was a lie. Nor does the Complaint plausibly allege that Plaintiff was at a substantial risk of serious harm. The only harm Plaintiff claims he suffered as a result of the lighting was a couple of months of disrupted sleep, nonharmful skin growths, and two days of elevated blood pressure. Accordingly, the Complaint fails both the objective and subjective prongs of the Eighth Amendment analysis.

Moreover, Plaintiff's vague allegation that he did not receive a medical assessment before he was moved out of the infirmary does not plausibly suggest that any Defendant acted with deliberate indifference to a serious medical need.

Finally, Plaintiff's claims against Centurion are implausible for the additional reason that the Complaint fails to raise a reasonable inference that Centurion had a policy,

custom, or practice of denying adequate medical treatment to inmates. *See Monell*, 436 U.S. at 694.

**4. Standards for Amended Complaint**

If Plaintiff chooses to amend the Complaint, Plaintiff must demonstrate how the actions complained of have resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227, 229 (9th Cir. 1980), *abrogated on other grounds by Kay v. Ehrler*, 499 U.S. 432 (1991). Plaintiff must also allege a sufficient causal connection between each defendant's actions and the claimed deprivation. *Taylor*, 880 F.2d at 1045; *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss" or to survive screening under 28 U.S.C. §§ 1915 and 1915A. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (internal quotation marks and alteration omitted).

Rather, for each cause of action against each defendant, Plaintiff must state the following: (1) the name of the person or entity that caused the alleged deprivation of Plaintiff's constitutional rights; (2) facts showing the defendant is a state actor (such as state employment or a state contract) or a private entity performing a state function; (3) the dates on which the conduct of the defendant allegedly took place; (4) the specific conduct or action Plaintiff alleges is unconstitutional; (5) the particular constitutional or statutory provision Plaintiff alleges has been violated; (6) facts alleging the elements of the violation are met—for example, Plaintiff must allege facts satisfying the elements of an Eighth

Amendment claim; (7) the injury or damages Plaintiff personally suffered; and (8) the particular type of relief Plaintiff is seeking from each defendant. In addition, Plaintiff must include facts showing Plaintiff can meet the *Monell* requirements as explained above with respect to Centurion.

Further, any amended complaint must contain all of Plaintiff's allegations in a single pleading and cannot rely upon, attach, or incorporate by reference other pleadings or documents. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[An] amended complaint supersedes the original, the latter being treated thereafter as non-existent."), *overruled in part on other grounds by Lacey v. Maricopa Cnty.*, 693 F.3d 896, (9th Cir. 2012) (en banc); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1990) (holding that the district court erred by entering judgment against a party named in the initial complaint, but not in the amended complaint).

Any amended complaint must set forth each different factual allegation in a separate numbered paragraph, which the initial Complaint does not. The amended complaint must be legibly written or typed in its entirety, and it should be designated as the "Amended Complaint." Plaintiff's name and address should be clearly printed at the top left corner of the first page of each document filed with the Court.

## ORDER

**IT IS ORDERED:**

1. The Complaint fails to state a claim upon which relief may be granted. Plaintiff has 28 days within which to file an amended complaint as described

above. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint.

2. If Plaintiff does not file a timely amended complaint, or if the amendment does not comply with Rule 8, this case may be dismissed without further notice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915 and 1915A; *Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

3. Because an amended complaint is required for Plaintiff to proceed, Plaintiff's request for appointment of counsel (contained in the Complaint) is DENIED without prejudice. Plaintiff may renew the request for counsel in an amended complaint.

DATED: September 23, 2026

David C. Nye
U.S. District Court Judge